Filed 2/26/21  P. v. Gladney CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091030 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE011455) |
| v. | |
| DANTE DARNELL GLADNEY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dante Darnell Gladney filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal from the trial court's judgment.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

BACKGROUND

On June 13, 2018, Brooke B. was asleep in her bed when, around 6:30 a.m., she heard the front door of her apartment rattling.  Thinking it was her brother, Curtis,

1

returning home from a business trip, she got up to open the door. It was not her brother at the door but defendant. He put his foot in the door preventing Brooke from closing it. Defendant was not wearing a shirt or shoes. Scared, Brooke asked him what he wanted. Defendant rambled a response mentioning something about keys.

Brooke saw that defendant was holding a knife. In an effort to calm him down, she offered to give him food. Brooke went to the kitchen, got some crackers, and gave them to defendant. Wanting to de-escalate the situation and get out of the apartment, she offered to get defendant shoes. Defendant, continuing to ramble, said something about keys, a shower, and shoes. About this time, Brooke realized Curtis may be home, sleeping in his room. Under the guise of getting defendant shoes, she went into Curtis's room, saw he was sleeping in his bed, woke him up, and told him someone was in the apartment.

Curtis saw defendant standing behind Brooke. He also saw the knife defendant was holding. Brooke told defendant to go to the closet in Curtis's bedroom and take whatever he wanted. As defendant rummaged through the closet, Curtis grabbed his phone and called 9-1-1 while he and Brooke escaped through the sliding door in the bedroom. The two walked to a nearby diner and waited for the police.

Officers Jason Lyons and Colby Anderson soon arrived at the apartment. They approached the sliding glass door to Curtis's bedroom and saw defendant standing inside. They directed defendant to leave the apartment; he did, and they took him into custody. Defendant still was not wearing a shirt or shoes and he had a small knife in his pocket. The knife was part of a wine opener and the blade was about an inch long. Defendant also had Curtis's wallet, two $100 bills, a wedding ring on his left ring finger, and the keys to Curtis's car.

Defendant told the officers he believed he had reason to be in the apartment. He said Brooke let him in, gave him crackers, and brought him into the bedroom to get shoes. Defendant also told them he took a bottle of wine from the kitchen and opened it

2

with the corkscrew, he had the money before he came into the apartment, and the ring was a family heirloom. Defendant appeared confused and Officer Lyons believed he may have been under the influence of methamphetamine.

Later, Brooke and Curtis identified defendant as the person who entered their apartment and identified the property found in his possession as their property. The People charged defendant with robbery (Pen. Code, § 211, counts one & two)[1] and first degree burglary (§ 459, count three). The People alleged defendant used a dangerous and deadly weapon during the commission of each robbery (§ 12022, subd. (b)(1)), and that a person, not an accomplice, was present at the time of the burglary (§ 667.5, subd. (c)(21)). The People also alleged defendant was previously convicted of a serious felony (§ 667, subd. (a)) and served two prior prison terms (§ 667.5, subd. (b)).

On July 2, 2018, the trial court declared doubt as to defendant's competence to stand trial and suspended the criminal proceedings. In December 2018, the court found defendant competent and reinstated the criminal proceedings. Defendant presented no evidence at trial.

The jury found defendant guilty on all three charges, found true the deadly weapon enhancements, and found true the allegation that someone was home when defendant committed the burglary. The People elected not to go forward on the prior prison term enhancements, but proceeded to a jury trial on the prior conviction allegation, which the jury found true. The trial court sentenced defendant to an aggregate term of 17 years in state prison, ordered him to pay various fines and fees, and awarded him 623 days of custody credit.

---

[1] Undesignated statutory references are to the Penal Code.

3

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　HOCH, J.



We concur:



 /s/
BLEASE, Acting P. J.



 /s/
RENNER, J.


4